## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

=====================================

MOSES ILIOVITS individually and
on behalf of all others similarly situated


Plaintiff,


-against-


GC SERVICES LIMITED PARTNERSHIP


Defendant.


=====================================

## CLASS ACTION COMPLAINT

### *Introduction*

Now comes Plaintiff, by and through his attorneys, and, for his Complaint alleges as follows:

1.      Plaintiff Moses Iliovits brings this action to secure redress from unlawful collection practices engaged in by Defendant GC Services Limited Partnership. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2.      The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt. 15 U.S.C. Section 1692d, 1692e and 1692f.

### *Parties*

3.      Plaintiff is a citizen of the State of New York who resides within this District.

4.      Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

5.      Upon information and belief, Defendant's principal place of business is located in Houston, Texas.

6.      Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7.      Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

8.      This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### *Allegations*

10.      Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11.      On or about September 3, 2015, GC Services Limited Partnership sent a collection letter to the Plaintiff Moses Iliovits.

12.     The said letter was an effort to collect on a consumer debt.

13.     Said letter stated as follows: "Our client will report forgiveness of debt as required by IRS regulations."

14.     Defendant's said statement is deceptive and misleading in violation of the FDCPA.

15.     Based on 26 C.F.R. §1.6050P-1(d)(2) & (3), only the discharge of principal need be reported:

(2) Interest. The discharge of an amount of indebtedness that is interest *is not required to be reported* under this section.

(3) Non-principal amounts in lending transactions. In the case of a lending transaction, the discharge of an amount other than stated principal *is not required to be reported* under this section. For this purpose, a lending transaction is any transaction in which a lender loans money to, or makes advances on behalf of, a borrower (including revolving credits and lines of credit).

16.     It is wholly conceivable to forgive $600 or more of the debt and yet not report balances forgiven to the I.R.S.

17.     A collection notice is deceptive when it reasonably can be read to have two or more different meanings, one of which is inaccurate.[1]

18.     The language in the letter that states "Our client will report forgiveness of debt as required by IRS regulations" could reasonably be understood by the least sophisticated consumer to mean that I.R.S. regulations require that the client, in all circumstances, report forgiveness of debt to them.

19.     The words "Our client will report forgiveness of debt as required by IRS

---

[1] *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 25 (2d Cir. 1989) (Because the collection notice was reasonably susceptible to an inaccurate reading, it was deceptive within the meaning of the Act.); *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993) (Collection notices are deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate.); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. N.Y. 1996) (A collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate. The fact that the notice's terminology was vague or uncertain will not prevent it from being held deceptive under § 1692e(10) of the Act.)

regulations" is reasonably read to mean that the creditor will always report forgiveness of debt.

20.    The least sophisticated consumer would understand this statement to mean that the creditor is always required by I.R.S. regulations to report forgiveness of debt to them.

21.    Although the Defendant had no duty to disclose any potential tax ramifications,[2] when Defendant chooses to give _tax_ disclosures, it must do so in a way that it will not mislead the least sophisticated consumer as to his or her tax consequences.

22.    Current case law has made clear, that if debt collectors are providing tax advice with regards to the reporting of forgiveness of debt, they cannot provide vague, incomplete and misleading disclosures that leaves out the essential element that the reporting of forgiveness of a debt happens only if the _principal_ forgiven exceeds $600, and that reporting of forgiveness of a debt would not happen even if the amount is greater than $600, if the amount forgiven contained interest forgiveness so long as the principal was less than $600.

23.    The statement "Our client will report forgiveness of debt as required by IRS regulations" is ambiguous, yet the vagueness and uncertainty does not erase the fundamental mischief and deception that the statement intends to cause to the consumer.  A consumer reading this statement will be led to believe that if a settlement erases any amount of the debt, then the creditor is required to report the forgiveness of debt to the I.R.S., per the I.R.S. regulations (creating by fear of the I.R.S. another

---

[2] _Altman v. J.C. Christensen & Assocs._, 786 F.3d 191, 194, 2015 U.S. App. LEXIS 7980, *7 (2d Cir. N.Y. 2015) ("[T]he FDCPA does not require a debt collector to make any affirmative disclosures of potential tax consequences when collecting a debt.")

incentive for the consumer to pay the debt without erasing any amount through settlement). However, this statement is inherently deceptive and misleading, by giving erroneous and incomplete tax information - because in actual fact and according to I.R.S. regulations, the creditor will not be required to report to the I.R.S. report all forgiveness of debt less than $600, nor would the creditor be required to report an amount greater than $600 in forgiveness if the amount contained interest.

24.     If the creditor wishes to legitimately give tax advice in a sincere manner, one that does not mislead the consumer, then that creditor should specify and make clear to the least sophisticated consumer that only certain amounts require reporting, and that this applies only to principle and not to interest forgiveness.

25.     The creditor should also specify what amounts are principle and what part of it is interest, in the amounts owed. Any tax advice that does not specify the tax consequences as it applies to the consumer's circumstances is nothing more than a ploy to elicit a more substantial payment from the consumer than the consumer would have paid, had he or she understood the tax reporting consequences.

26.     The use of the words "Our client will report forgiveness of debt as required by IRS regulations" is an attempt by the debt collector to make the debtor think that the I.R.S. regulations always require the reporting of forgiveness of debt. The least sophisticated consumer would reasonably read the letter to mean that the creditor will always report forgiveness of debt as is required by I.R.S. regulations.[3]

27.     In a recent decision, this court found in the case of *Kaff v. Nationwide Credit, Inc.*, 1:13-cv-05413, No. 32 (E.D.N.Y. Mar. 31, 2015) (Towns, J,) that a

---

[3] *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35, 1996 U.S. App. LEXIS 1042, *13 (2d Cir. N.Y. 1996) (That a notice's terminology is vague or uncertain will not prevent it from being held deceptive under 1692e.)

statement regarding the requirement to file a 1099: "was not strictly true under all circumstances because **it failed to apprise debtors** that possible exceptions could apply to the creditor's mandatory reporting requirement, such as the exceptions **for interest and other non-principal debts**."[4]

28.    The Defendant tends to give erroneous and/or incomplete tax advice to consumers.

29.    Such a statement in a collection letter suggests to the least sophisticated consumer that failure to pay will get the consumer into trouble with the I.R.S.[5]

30.    Plaintiff was deprived proper notice of his legal rights. Plaintiff suffered injury in fact, by being subjected to unfair and abusive practices of the Defendant. Plaintiff suffered actual harm by being the target of Defendant's misleading debt collection communications.[6] Defendant violated Plaintiff's right to truthful and fair debt collection. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of the Plaintiff's debt.

31.    Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to the Defendant's collection efforts.

32.    The FDCPA does not require that tax consequences be identified in

---

[4] *Kaff v. Nationwide Credit, Inc.*, 1:13-cv-05413, No. 32 (E.D.N.Y. Mar. 31, 2015) (Towns, J,) (emphasis added); *Good v. Nationwide Credit, Inc.*, No. 14-4295, 2014 BL 302150 (E.D. Pa. Oct. 24, 2014) (Finding that the statement "American Express is required to file a form 1099C with the Internal Revenue Service for any cancelled debt of $600 or more. Please consult your tax advisor concerning any tax questions" is not true and does not accurately reflect the relevant law the court also found that the statement's invocation of the IRS was deceptive and materially misleading in violation of the FDCPA.)

[5] *Kaff v. Nationwide Credit, Inc.*, 1:13-cv-05413, No. 32 (E.D.N.Y. Mar. 31, 2015) (Towns, J,); *Wagner v. Client Services, Inc.*, No. 08-5546, 2009 WL 839073, 2009 U.S. Dist. LEXIS 26604 (E.D.Pa., March 26, 2009); *Sledge v. Sands*, 182 F.R.D. 255 (N.D.Ill. 1998).

[6] *Kaff v. Nationwide Credit, Inc., 1:13-cv-05413, No. 32 (E.D.N.Y. Mar. 31, 2015) (Towns, J,)* ("Kaff has sufficiently pleaded an intrusion of a personal right protected by the FUCPA, i.e., a cognizable statutory injury. Namely, as discussed below, Kaff has a right under the FDCPA to be free of abusive debt collection practices and that right was infringed when he received a collection letter which potentially increased the amount of debt collected by falsely misrepresenting the law. There is no reason to believe that ... Kaff could not possibly be personally misled by the misstatement. Accordingly, Kaff was injured by the collection letter and has standing to pursue his claims against Nationwide.")

collection letters sent to consumers but where a debt collector has chosen to threaten the debtor with tax consequences, and has done so inaccurately, the false representation causes detrimental harm to the consumer since it concretely thwarts the consumer's ability to freely navigate a course of action in response to the collection notice. The risk in this type of harm is the detrimental impact to the consumer. And such harm is precisely the kind of infringement of the consumer's best interests that the FDCPA seeks to combat.

33.     The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits; these materially misleading statements trigger liability under section 1692e of the Act.

34.     These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

35.     The statement "Our client will report forgiveness of debt as required by IRS regulations" misleads a putative-debtor as to the nature and legal status of the underlying debt, and impedes the consumer's ability to respond to or dispute collection since injection of trouble with the I.R.S concretely harms a consumer's decision or ability to pay or challenge a debt.

36.     This false statement would materially mislead any consumer into believing he or she had to pay all of his debt including interest and fees - to avoid any

issues with the I.R.S., when he or she could have actually paid all but $599.99 of stated principal without triggering a mandatory 1099-C reporting.

37.    Every consumer is afraid of an audit, and would be pressured by a misstatement such as the one made by defendant into paying more of his debt to avoid the risk of triggering an I.R.S. audit.

38.    Plaintiff allegedly owed a debt consisting of interest and principal.  Had he been informed that he could seek cancellation of up to $600 in principal and all of the interest, he would have known that he could satisfy the debt at a settlement without triggering a mandatory 1099-C report.  However, Defendant's collection letter misled him into believing he had to pay the whole amount of $5,533.99 or else he might face potential tax consequences, such as a costly audit.  Thus, this statement improperly increased collections by falsely representing the law in violation of 15 U.S.C. §§ 1692e and 1692e(10).  This is precisely the kind of abusive practice the FDCPA was designed to prevent.

39.    The statement in the said letter is false and misleading, in violation of 15 U.S.C. §§ 1692e, 1692e(2), and 1692e(10).

40.    Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

41.    Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

42.    Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

43.    Defendant violated Plaintiff's right to a truthful and fair debt collection

process.

44.     Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

45.     Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to the Defendant's collection efforts.

46.     The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

47.     These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

48.     Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

### *Class Allegations*

49.     This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

50.     The identities of all class members are readily ascertainable from the records of GC Services Limited Partnership and those business and governmental entities on whose behalf it attempts to collect debts.

51.     Excluded from the Plaintiff's Class is the Defendant and all officers, members, partners, managers, directors, and employees of GC Services Limited Partnership, and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

52.     There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the FDCPA.

53.     The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

54.     The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

55.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a)      **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

(b)      **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the FDCPA.

(c)      **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d)      **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e)      **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would

engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

56.    Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the FDCPA, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

57.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

58.    Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

59.    Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R.Civ. P. 23(c)(4).

### FIRST CAUSE OF ACTION

60.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

61.     This cause of action is brought on behalf of Plaintiff and the members of a class.

62.     The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff, within one year prior to the date of the within complaint up to and including the date of the filing of this complaint; and (a) the collection letter was sent to a consumer seeking payment of a personal debt; and (b) the collection letter was not returned by the postal service as undelivered, and (c) the Defendant's statement in the said September 3, 2015 letter concerning tax consequences is false and misleading, and omits to state material facts, in violation of 15 U.S.C. §§ 1692e, 1692e(2), and 1692e(10).

### *Violations of the Fair Debt Collection Practices Act*

63.     Defendant's actions as set forth in the complaint violated the FDCPA.

64.     Because Defendant violated the FDCPA, Plaintiff and members of the class are entitled to damages in accordance with the FDCPA.

65.     As a direct and proximate result of these violations Plaintiff and class members have suffered harm and are entitled to preliminary and permanent injunctive relief, and to recover statutory damages, costs and attorney's fees.

### *Jury Demand*

66.     Plaintiff demands a trial by jury.

### *Prayer for Relief*

67.     Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:

    1)  Statutory damages under the FDCPA, 15 U.S.C. § 1692(k);

    2)  Attorney fees, litigation expenses and costs of suit;

    3)  An order enjoining and directing Defendant to comply with the FDCPA in its debt collection activities; and

    4)  Such other and further relief as the Court deems proper.

Dated: Brooklyn, New York
  September 2, 2016

/s/ David Palace_____
**Law Offices of David Palace** (DP 3855)
383 Kingston Ave. #113
Brooklyn, New York 11213
Telephone: 347-651-1077
Facsimile: 347-464-0012

 

DEPT. HOVS 057
PO BOX 3044
LIVONIA MI 48151-3044
RETURN SERVICE REQUESTED

**GC Services Limited Partnership**
6330 Gulfton, Houston, TX 77081



**Please call: (866) 806-5193**
Between 8:00 AM and 9:00 PM.

USE ENCLOSED ENVELOPE AND SEND PAYMENT TO: 

P4TT4D00203703 - 127454934 I07406
MOSES ILIOVITS
789 BEDFORD AVE APT 4A
BROOKLYN NY 11205-1569

**PO BOX 3855
HOUSTON TX 77253**

 

| YOU OWE: **Citibank, N.A.** | GC NUMBER: Redacted |
|---|---|
| CLIENT ACCOUNT NUMBER: **ENDING 8893** | BALANCE DUE: **$5,533.99** |

✂ *Please detach and return upper portion of statement with payment* ✂

September 3, 2015

File Number: Redacted
Client Account Number: ENDING 8893

RE:  CITI VISA SIGNATURE

Dear Moses Iliovits,

Our client has authorized us to offer you the opportunity to settle your account. Instead of paying the full balance due on your account, you can pay 50% of the total amount due and our client will consider this account settled.

To take advantage of this offer, contact our office  or mail your remittance, in the form of a cashier's check or money order, in the exact amount of $2,767.00.  Please note the payment must be for the express amount stated in the prior sentence and must be received no later than 14 days from the date of this letter or this offer will become null and void.

Please note that this letter does not reduce your rights as stated on the reverse side of this letter. If you dispute this account or any portion thereof, please refer to the reverse side of this letter for an explanation of your rights. GC Services does not report any information to any credit bureaus or agencies.

We are being as flexible as possible with you so please call us at (866) 806-5193 and let us help you resolve this overdue account. However, if you dispute this account or any portion thereof, please refer to the reverse side of this letter for an explanation of your rights.

Please make your check payable to "Citibank, N.A." and return the top portion of this notice to the post office box listed above.

Our client will report forgiveness of debt as required by IRS regulations.

Sincerely,

Douglas Kemp
Account Representative

**IMPORTANT:** This offer only pertains to the referenced account for the client and balance shown above.

*\* As of the date of this letter, you owe $5,533.99. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you.*
**This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.**

**NOTICE: SEE REVERSE SIDE FOR IMPORTANT CONSUMER INFORMATION**

GC Services Limited Partnership 6330 Gulfton, Houston, TX 77081

Redacted